IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–01423–WJM–MDB

BRAND Q, INC., a California corporation,

    Plaintiff,

v.

ALL ABOUT UNIFORMS, INC., a Colorado corporation doing business as "BEST TUXEDO", and
DOES 1-10,

    Defendants.

## ORDER

Before the Court is Plaintiff's "Notice of Motion and Motion for Leave to Use Alternate means of Service on Defendant All About Uniforms, Inc." ["Motion"] (Doc. No. 13.) Having considered the briefing, exhibits, and applicable law, the Court **DENIES** the Motion.

## BACKGROUND

On June 6, 2022, Plaintiff filed a complaint with the Court, which asserts various claims for copyright infringement, trademark infringement, and unfair business practices against Defendant All About Uniforms, Inc, a corporation with its principal place of business in Colorado.[1] ["Defendant AAU"] (Doc. No. 1.) To this point, Plaintiff has been unsuccessful in its attempts to serve the Complaint and Summons on Defendant AAU. Accordingly, Plaintiff now brings this Motion seeking leave to serve Defendant AAU using email. (Doc No. 13.)

---

[1] Plaintiff also brings suit against 10 "Doe" Defendants.

Plaintiff's counsel avers that internet and public record research confirmed Defendant AAU's business address as 20095 Silver Horn Ln, Monument, CO 80132, and its registered agent as Ms. Svetlana Kurashova. (Doniger Decl. ¶ 4.) Between June 15, 2022, and August 6, 2022, Plaintiff's counsel attempted to serve Defendant AAU at this business address on ten occasions.[2] (Doc. No. 13 Ex 2.) Each attempt was unsuccessful. (*Id.* Ex 2.)

On June 27, 2022, after the second unsuccessful service attempt, Plaintiff's counsel emailed Defendant AAU's business email address at store@allaboutuniform.com, attaching the Complaint, Summons, and a Waiver of Service form. (Doniger Decl. ¶ 4, 6.) Ms. Kurashova acknowledged receiving the email but responded that Defendant AAU was declining to waive formal service. (Id. ¶ 6.) Plaintiff's counsel replied that Ms. Kurashova should be ready for the Complaint and Summons to be served shortly. (Id. ¶ 7.) However, Plaintiff was again unsuccessful in its service attempts on July 7, July 13 (twice), July 15, July 29, August 1, August 2, and August 6. (Doc. No. 13 Ex 2.) Plaintiff's process server informed counsel that Ms. Kurashova appeared to have a Ring doorbell camera at the business address and was using the camera to screen visitors to the property. (Id. Ex 2; Ex 5.)

On August 11, 2022, Plaintiff filed this Motion seeking to serve Defendant AAU by alternate process—specifically via its business email address. (Doc. No. 13.) Plaintiff argues such service is appropriate because Defendant AAU is intentionally avoiding diligent efforts at service, and Defendant AAU's business email has been proven to be regularly monitored and is a channel reasonably likely to provide Defendant AAU with notice of the suit. (*Id.* at 3–6.)

## LEGAL STANDARD

---

[2] Plaintiff hired Ramos Private Process Server & Notary, LLC and CCS Process Serving to effect service in this matter. Neither firm has been successful.

Fed. R. Civ. P. 4(h) governs the service of a corporation. A corporation may be served by "delivering a copy of the summons and of the complaint to an officer or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, Fed. R. Civ. P. 4(h)(1)(A) provides that a plaintiff may serve a corporation according to Fed. R. Civ. P. 4(e)(1), the rule for service upon individuals located within a federal judicial district. Fed. R. Civ. P. 4(e)(1). Rule 4(e)(1) allows for service by methods approved by state law "where the district court is located or where service is made."[3]

With regard to a corporation, Colorado law requires personal service on the corporation "by delivering a copy of [the summons] to the registered agent for service," or to an officer of the corporation, an officer's secretary or assistant, or the functional equivalent. Colo. R. Civ. P. 4(e)(4)(A), (F). Colorado law also recognizes "service by mail or publication" but only in "actions affecting specific property or status or other proceedings in rem" and only after the serving party files a motion seeking permission to do so. Colo. R. Civ. P. 4(g).

When such methods of service are not available, Colo. R. Civ. P. 4(f) provides for substitute service after the serving party "file[s] a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Colo. R. Civ. P. 4(f). The moving party must establish "(1) the efforts made to obtain personal service and the reason that personal

---

[3] Meanwhile, Fed. R. Civ. P. 4(e)(2) states that an individual is properly served by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)

service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected." *Id.* Additionally, the movant must show that substituted service is "appropriate under the circumstances and reasonably calculated to give actual notice to the defendant." *Willhite v. Rodriguez-Cera*, 274 P.3d 1233, 1240-41 (Colo. 2012) (quoting Colo. R. Civ. P. 4(f)).

## ANALYSIS

In light of its troubles in personally serving the company's registered agent, Plaintiff asks the Court for leave to serve Defendant AAU by email. Plaintiff argues that Ms. Kurashova has purposefully evaded attempts at personal service but has demonstrated that she regularly monitors Defendant AAU's email account. Thus, Plaintiff argues, substituted service via email is appropriate and "reasonably calculated" to provide notice of the suit.

In support of its position, Plaintiff cites *Rio Properties, Inc. v. Rio International Interlink*, a Ninth Circuit case that upheld the District Court's approval of service via email. 284 F.3d 1007, 1017–19 (9th Cir. 2002). Plaintiff contends that *Rio Properties* stands for the proposition that "[t]his Court has discretion in approving alternate methods of service," including email. (Doc. No. 13 at 5.) However, *Rio Properties* is distinguishable from this case. In *Rio Properties*, the plaintiff sought to serve a *foreign* entity, apparently located in Costa Rica, via email after being unable to discover its exact whereabouts. *Rio Properties, Inc.* 284 F.3d at 1012–14. In coming to its decision, the Ninth Circuit was analyzing Fed. R. Civ. P. 4(f), which specifically deals with "[s]erving an [i]ndividual in a [f]oreign [c]ountry." Fed. R. Civ. P. 4(f). But, the

4

service of process to an individual or entity found within the United States—as is the case here—comes with different considerations and applicable law.

Regarding the use of email to serve a person or entity located in Colorado, the case law in this district and the State of Colorado—though somewhat sparse—appears clear: the practice is not a sufficient means of providing notice. In interpreting Colo. R. Civ. P. 4(f)—Colorado's substituted service rule—the Colorado Court of Appeals held "that hand delivery to the substituted person is required" to satisfy the requirements of Rule 4(f). *Namaste Judgment Enforcement, LLC v. King*, 465 P.3d 78, 83 (Colo. Ct. App. 2020). And courts in this district have come to the same conclusion. *See, e.g.*, *Green v. JJLV LLC*, 21-cv-01182-RMR-KMT, 2021 WL 5280190 at *3 (D. Colo. Nov. 12, 2021) ("[T]he substituted method of service proposed by Plaintiff, *i.e.*, via … email, does not comply with Colorado Rule 4(f). Rather, substituted service must be effected by hand delivery to the substituted person …." (internal citation omitted)); *Standard Hemp, LLC, et al. v. Mark Silen, et al.*, 19-cv-01162-KMT, 2019 WL 13201198 at *3 (D. Colo. June 10, 2019) ("[N]either the Federal Rules of Civil Procedure [nor the] Colorado Rules of Civil Procedure … allow for service of defendants within the United States by email."); *see also Blumedia Inc. v. Sordid Ones BV*, 10-cv-01158-MSK-KLM, 2011 WL 42296 at *3 (D. Colo. Jan. 6, 2011) (saying that Fed. R. Civ. P. 4(e) and (h)(1) "do not permit service by email" to "an individual or corporation, partnership, or association within a judicial district of the United States.").

For this reason, Plaintiff's "Notice of Motion and Motion for Leave to Use Alternate means of Service on Defendant All About Uniforms, Inc." (Doc. No. 13) is **DENIED**. Plaintiff shall serve Defendant AAU in accordance with Fed. R. Civ. P. 4 by **October 3, 2022.**

Dated this 9th day of September, 2022.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge