IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–01423–WJM–MDB

BRAND Q, INC., a California corporation,

    Plaintiff,

v.

ALL ABOUT UNIFORMS, INC., a Colorado corporation doing business as "BEST TUXEDO", and
DOES 1-10,

    Defendants.

## ORDER

Before the Court is Plaintiff's "Motion to Continue Deadline to Serve Defendant, and Leave to Allow Substitute Service by Mail Pursuant to COLO. REV. STAT. § 7–90–704(2)(c). (Doc. No. 18 ["Motion"].) Having considered the briefing, exhibits, and applicable law, the Court **GRANTS** the Motion.

### BACKGROUND

On June 6, 2022, Plaintiff filed a complaint with the Court, which asserts various claims for copyright infringement, trademark infringement, and unfair business practices against Defendant All About Uniforms, Inc, a corporation with its principal place of business in Colorado.[1] ["Defendant AAU"] (Doc. No. 1.) Plaintiff has been unsuccessful in its attempts to

---

[1] Plaintiff also brings suit against 10 "Doe" Defendants.

serve the Complaint and Summons on Defendant AAU. Accordingly, Plaintiff now brings this Motion seeking leave to serve Defendant AAU using substitute service by mail. (Doc. No. 18.)

Plaintiff's counsel avers that internet and public record research confirmed Defendant AAU's business address as 20095 Silver Horn Ln, Monument, CO 80132, and its registered agent as Ms. Svetlana Kurashova. (Doniger Decl. ¶ 4.) Between June 15, 2022, and August 6, 2022, Plaintiff's counsel attempted to serve Defendant AAU at this business address on ten occasions.[2] (Doniger Decl. ¶ 5; Doc. No. 18 Ex. 3 (documenting initial attempts at service)) Each attempt was unsuccessful. (Doniger Decl. ¶ 5)

On June 27, 2022, after the second unsuccessful service attempt, Plaintiff's counsel emailed Defendant AAU's business email address at store@allaboutuniform.com, attaching the Complaint, Summons, and a Waiver of Service form. (Doniger Decl. ¶ 6.; Doc. No. 18 Ex. 4.) Ms. Kurashova acknowledged receiving the email but responded that Defendant AAU was declining to waive formal service. (Doc. No. 18 Ex. 4.) Plaintiff's counsel replied that Ms. Kurashova should be ready for the Complaint and Summons to be served shortly. (*Id.*) However, Plaintiff was again unsuccessful in its service attempts on July 7, July 13, and July 15 (Doniger Decl. ¶ 8; Doc. No. 18 Ex. 3.) Plaintiff's process server informed counsel that Ms. Kurashova appeared to have a Ring doorbell camera at the business address and was using the camera to screen visitors to the property. (*Id.*)

On August 11, 2022, Plaintiff filed a motion seeking to serve Defendant AAU by alternate process—specifically via its business email address. (Doc. No. 13.) The Court denied the motion because email is an insufficient method of providing notice to defendants located in

---

[2] Plaintiff hired Ramos Private Process Server & Notary, LLC and CCS Process Serving to attempt service in this matter.

the United States. (Doc. No. 17 at 4–6.) The Court further set a deadline of October 3, 2022, for Plaintiff to serve Defendant AAU. (*Id.* at 6.)

Plaintiff subsequently hired a new process server, Trailfinder, Inc. (Doniger Decl. ¶ 7.) Trailfinder attempted to serve Defendants on September 17 (twice), September 21, September 24, September 26, September 27, and September 30.[3] (*Id.*; Doc. No. 18 Ex 7.) Again, each attempt was unsuccessful. (Doniger Decl. ¶ 7.) Based on these events, Plaintiff now brings this Motion seeking to serve Defendant AAU by mail pursuant to Colo. Rev. Stat. § 70–90–704(2) and to extend the deadline to effectuate service.

## LEGAL STANDARD

Fed. R. Civ. P. 4(h) governs the service of a corporation. A corporation may be served by "delivering a copy of the summons and of the complaint to an officer or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

Alternatively, Fed. R. Civ. P. 4(h)(1)(A) provides that a plaintiff may serve a corporation according to Fed. R. Civ. P. 4(e)(1), the rule for service upon individuals located within a federal judicial district. Rule 4(e)(1) allows for service by methods approved by state law "where the district court is located or where service is made."[4] For corporations, Colorado law recognizes

---

[3] These six attempts were in addition to the original ten attempts that proceeded Plaintiff's first motion on this issue. (*See* Doc. No. 13.)

[4] Meanwhile, Fed. R. Civ. P. 4(e)(2) states that an individual is properly served by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age

service "by delivering a copy of [the summons] to the registered agent for service," or to an officer of the corporation, an officer's secretary or assistant, or the functional equivalent. Colo. R. Civ. P. 4(e)(4)(A), (F). However, pursuant to Colo. Rev. Stat. § 70–90–704(2), if the registered agent of the entity "cannot with reasonable diligence be served," Colorado law allows "the entity [to] be served by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address." Colo. Rev. Stat. § 70–90–704(2). Under § 70–90–704(2), service is perfected "at the earliest of: (a) The date the entity receives the process, notice, or demand; (b) The date shown on the return receipt, if signed on behalf of the entity; or (c) Five days after mailing." *Id.*

## ANALYSIS

Plaintiff has made substantial efforts to personally serve Defendant AAU at its principal address through its registered agent, Ms. Kurashova. (*See* Doc. No. 18 Ex. 3, Ex. 7 (documenting numerous attempts at effecting personal service by professional process servers).) However, despite "reasonable diligence," Plaintiff has been unsuccessful. Although the Court does not make a finding one way or the other, it is possible that Defendant AAU is evading service by using a doorbell camera to screen attempts at service. (Doniger Decl. ¶ 8.) Plaintiff now seeks leave to serve Defendant AAU by mail pursuant to Colo. Rev. Stat. § 70–90–704(2). After review of the Motion and supporting materials, and in light of Plaintiff's many efforts to effect service, the Court agrees that substituted service by mail is appropriate. *See A.O. Smith Corp. v. USA Smith Indus. Dev. Inc.*, No. 16-cv-2587-WJM-MJW, 2017 WL 2224539, at *2 (D. Colo. May 22, 2017) (service by registered mail was deemed effective because prior attempts at

---

and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)

personal service on the entity's registered agent were unsuccessful); *Kilthau v. Low T Med. Clinic, Inc.*, No. 14-cv-03309-MJW, 2015 WL 586262, at *1 (D. Colo. Feb. 11, 2015) (noting that the court had previously permitted substitute service on an entity by mail after personal service on the entity's registered agent could not be completed).

Accordingly, it is **ORDERED** that Plaintiff's Motion (Doc. No. 18) for leave to serve Defendant AAU by mail is **GRANTED**. As required by Colo. Rev. Stat. 70–90–704(2), the process shall be served "by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address"—in this case, 20095 Silver Horn Ln, Monument, CO 80132.

It is further **ORDERED** that the deadline to effect service is extended to **November 24, 2022**.

Dated this 24th day of October, 2022.

                                          **BY THE COURT:**

                                          Maritza Dominguez Braswell
                                          United States Magistrate Judge