**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-1423-WJM-MDB

BRAND Q, INC., a California corporation,

    Plaintiff,

v.

ALL ABOUT UNIFORMS, INC., d/b/a "Best Tuxedo," and
DOES 1–10,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

---

Before the Court is Plaintiff Brand Q, Inc.'s ("Brand Q" or "Plaintiff") Motion for Default Judgment ("Motion"). (ECF No. 32.) Defendants All About Uniforms, Inc., d/b/a "Best Tuxedo" and Does 1–10 have not appeared in this case and did not file a response. Plaintiff nonetheless filed a reply. (ECF No. 34.) For the following reasons, the Motion is denied.

## I. BACKGROUND

### A. Allegations in the Complaint[1]

Brand Q is a well-established manufacturer and wholesaler of men's formalwear products, including ties, bowties, jackets, vests, belts, shoes, pocket squares, and suspenders. (¶ 10.) Brand Q owns an original two-dimensional paisley print entitled Brand Q Design #20 (the "Subject Design"), which has been a staple of Brand Q's product line. (¶ 11.) The Subject Design has been registered with the United States

---

[1] Citations to (¶ _), without more, are citations to Plaintiff's Complaint. (ECF No. 1.)

Copyright Office under Registration No. VA 2-218-590.  (¶ 11.)  Defendants are resellers of genuine Brand Q products.  (¶ 12.)

Brand Q is also the owner of a federal registration for the trademark BRAND Q (the "Mark").  (¶ 13.)  On June 3, 2006, the United States Patent and Trademark Office issued Registration Number 3,037,292 to the Mark in connection with clothing and apparel.  (¶ 14.)  Brand Q's use of the Mark in commerce, including in connection with clothing has been continuous since March 15, 2001.  (¶ 15.)  Brand Q has spent substantial time and money advertising and promoting the Brand Q brand in the United States.  (¶15.)  Due in part to these efforts, the Mark has come to be associated with Brand Q's products and has acquired a considerable amount of goodwill in the minds of U.S. consumers.  (¶ 15.)

Since approximately 2013 Defendants have purchased products from Brand Q, including products bearing the Subject Design.  (¶ 16.)  Brand Q authorized Defendants to sell Brand Q products on www.amazon.com only, which Defendants did for several years without issue.  (¶ 17.)  Recently Brand Q learned that Defendants have been manufacturing and/or distributing product bearing unauthorized reproductions of the Subject Design sold under the Best Tuxedo label (the "Offending Product") on websites, including, but not limited to www.besttuxedo.com, www.allaboutuniforms.com, www.amazon.com, www.ebay.com, and www.walmart.com.  (¶ 18.)  However, Brand Q has not authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Design.  (¶ 19.)

Brand Q did not manufacture or distribute the Offending Products.  (¶ 21.)  Indeed, the Offending Products are of plainly inferior quality, differing size, and include

colors that Brand Q does not manufacture or distribute. (¶ 21.) Customers have left reviews on www.amazon.com stating that they ordered a Brand Q product, but instead received a Best Tuxedo product, evincing that Defendants distributing unauthorized reproductions of the Subject Design. (¶ 22.)

On information and belief, Defendants are sending Best Tuxedo products to fulfill Brand Q orders on www.amazon.com to improperly capitalize on the goodwill and acclaim of Brand Q's Mark and products while supplanting Brand Q within its customer base. (¶ 24.) On information and belief, Defendants have purposefully acted in a manner that would falsely designate the origin of its use of the Mark on its own products to Brand Q. (¶ 25.) This false designation would lend credibility and goodwill to Defendants' products. (¶ 25.)

Defendants have never been authorized to use the Mark, or any mark that is confusingly similar, other than through the sale of genuine Brand Q product. (¶ 26.) Defendants have nevertheless used the name "Brand Q" for their own directly competitive products, intending to cause confusion among purchasers. (¶ 26.)

**B.     Procedural History**

Plaintiff filed its Complaint on June 6, 2022, alleging claims against all Defendants of: (1) copyright infringement, 17 U.S.C. § 106; (2) contributory copyright infringement, 17 U.S.C. § 206; (3) vicarious copyright infringement, 17 U.S.C. § 106; (4) trademark infringement under the Lanham Act, 15 U.S.C. § 1114; (5) false designation of origin, passing off, and unfair competition, § 15 U.S.C. § 1125(a); and (6) misappropriation of business value. (¶¶ 27–80.)

Plaintiff's Prayer for Relief requests:

3

(1) That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design;

(2) An order preliminarily and permanently enjoining Defendants and their officers, agents, affiliates, employees, and attorneys, and all those persons acting or attempting to act in concert or participation with them, from: directly or indirectly infringing the Mark, or using any other word mark similar to or likely to cause confusion with the Mark; using any false designation of origin or false description, including the appearance of its product, that can, or is likely to, lead the consuming public, or individual members thereof, to believe that any goods produced, advertised, promoted, marketed, provided, or sold by Defendants are in any manner associated or connected with Brand Q, or are advertised, promoted, marketed, sold, licensed, sponsored, approved or authorized by Brand Q; committing any other unfair business practices directed toward obtaining for themselves the business and customers of Brand Q; and committing any other unfair business practices directed toward devaluing or diminishing Brand Q's brand or business;

(3) An order pursuant to 15 U.S.C. § 1118 requiring that all materials bearing the infringing trademark be delivered up and destroyed, and requiring Defendants to withdraw from the market all infringing products and any infringing advertising and promotional materials;

(4) An order directing Defendants to file with the Court and serve upon Brand Q's counsel within thirty (30) days after entry of the order of injunction, a report setting forth

the manner and form in which Defendants have complied with the injunction, including the provision relating to destruction and recall of infringing products and materials;

(5) That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial as available under the 17 U.S.C. § 504, 15 U.S.C. § 1117, and any other applicable law;

(6) Reasonable funds for future corrective advertising;

(7) A judgment trebling any damages award as provided for in 15 U.S.C. § 1117;

(8) That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

(9) That Plaintiff be awarded her attorneys' fees as available under 17 U.S.C. § 505 and 15 U.S.C. § 1117;

(10) That Plaintiff be awarded its costs;

(11) That Plaintiff be awarded pre-judgment interest as allowed by law; and

(12) That Plaintiff be awarded further legal and equitable relief as deemed proper.

Plaintiff describes in detail its efforts to serve Defendants.  (ECF No. 32 at 1–2.) Ultimately, Plaintiff states that with the Court's permission, Defendants were served with a copy of the Summons and Complaint in this case via certified mail on November 6, 2022.  (ECF Nos. 21, 22.)  After Defendants failed to appear or otherwise defend the lawsuit, Plaintiff obtained the Clerk's Entry of Default against All About Uniforms on

December 15, 2022.  (ECF No. 27.)  Plaintiff filed its Motion on March 31, 2023.  (ECF No. 32.)  Defendants never responded to that Motion.

## II. LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit.  Fed. R. Civ. P. 55(a).  Default judgment must be entered by the Clerk of Court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  Default judgment is typically available "only when the adversary process has been halted because of an essentially unresponsive party" in order to avoid further delay and uncertainty as to the diligent party's rights.  *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

## III. ANALYSIS

Before granting a motion for default judgment, the Court must ensure that it has subject matter jurisdiction over the action and personal jurisdiction over the defaulting defendant.  *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986).  Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant.  *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. Mar. 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.").

**A.**     **Jurisdiction**

The Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  (ECF No. 22 at 3.)  Further, the Court finds that it has personal

jurisdiction over Defendants because: (1) at least at the time of filing, they were served and conducting business in Colorado; (2) All About Uniforms is a Colorado corporation with a principal place of business is located at 20095 Silver Horn Lane, Monument, Colorado 80132; and (3) the lawsuit arises out of their actions and activities undertaken in this District.  (ECF No. 32 at 4 (citing Complaint ¶ 4; C.R.S. 13-1-124(1)(a), (b)).)

**B.     Substantive Liability**

Plaintiff does not explain in its Motion how its allegations establish the elements of each of its claims.  (*See generally* ECF No. 32.)  The Motion does not recite the elements of Plaintiff's six claims based on case law or statute, except for a couple of citations to cases related to misappropriation of business value.  (*Id.* at 5.)  Rather, concerning the merits of the action, Plaintiff merely asserts that it has satisfied the requirements for each of its claims and cites various paragraphs from the Complaint. Plaintiff appears to assume, therefore, that given Defendants' failure to respond, it is automatically entitled to judgment in its favor on all claims.

For the Court to enter a default judgment in favor of Plaintiff on its claims, Plaintiff must establish Defendants' liability as to each claim.  *See Fed. Fruit & Produce Co.*, 2009 WL 765872, at *3.  Plaintiff instead shifts the onus to the Court to identify the elements of each claim and sift through its factual allegations to determine whether Plaintiff has established liability.[2]  The Court finds that, due to its complete failure to argue in a non-conclusory way that its allegations satisfy the elements of each of its claims, Plaintiff has not established Defendants' liability and is therefore not entitled to

---

[2] To be perfectly clear, the Court requires Plaintiff to set forth the elements of each claim, the factual allegations from the Complaint which satisfy each element, and cite any pertinent case law.

default judgment.  *See id.*

The Court also observes that while Plaintiff requests attorneys' fees, it does not provide any analysis of why it is entitled to such fees using the three-step process to evaluate a motion for attorney's fees.  *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)).  Accordingly, the Motion is denied.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS that the Motion (ECF No. 32 is DENIED WITHOUT PREJUDICE.

Dated this 23rd day of October, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge